# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID UPTON, | CASE NO. 11-CV-1224 JLS (CAB) |
| Plaintiff, | **ORDER (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND (2) SUA SPONTE DISMISSING COMPLAINT WITHOUT PREJUDICE** |
| vs. | |
| ANDRE BIROTTE, JR., U.S. ATTORNEY, | |
| Defendant. | (ECF No. 2) |

Presently before the Court is Plaintiff David Upton's motion to proceed *in forma pauperis* ("IFP"). (IFP, ECF No. 2.) Plaintiff, proceeding pro se, has filed a complaint petitioning this Court for a writ of mandamus pursuant to 28 U.S.C. § 1361. (Compl., ECF No. 1.) Plaintiff seeks a judicial decree ordering Defendant Andre Birotte, Jr., U.S. Attorney for the Central District of California, to present criminal charges against several named judges for violating and conspiring to violate his right to petition the government for grievances. (Compl. ¶ 31.)

### MOTION TO PROCEED IFP

A federal court may authorize the commencement of an action without the prepayment of the required filing fee if the party submits an affidavit, including a statement of assets, showing that he is unable to pay the fee. *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999); 28 U.S.C. § 1915(a). Plaintiff attests that he is currently unemployed, although he does not state his last date of employment or last wages earned, leaving that section of the form blank. He states his

only income is a monthly Supplemental Security Income payment of $760.50, and that is only current asset is $79.00 in cash.  He claims $775.00 in monthly expenses.  (IFP 2-3.)

"[T]he supporting affidavits [must] state the facts as to the affiant's poverty with some particularity, definiteness, and certainty."  *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (per curiam) (citing *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)).  Further, "where the affidavits are written in the language of the statute it would seem that they should ordinarily be accepted, for trial purposes, particularly where unquestioned and where the judge does not perceive a flagrant misrepresentation."  *Adkins v. E.I. du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948).  Thus, based on the information Plaintiff has provided, the Court **GRANTS** Plaintiff's motion to proceed IFP.

## INITIAL SCREENING PER 28 U.S.C. § 1915(e)(2)(B)

Notwithstanding IFP status, the Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and shall order the sua sponte dismissal of any case it finds "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an IFP complaint that fails to state a claim).

Before its amendment by the PLRA, former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims.  *Lopez*, 203 F.3d at 1130.  However, as amended, 28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed pursuant to the IFP provisions of § 1915 make and rule on its own motion to dismiss before directing the U.S. Marshal to effect service pursuant to Federal Rule of Civil Procedure 4(c)(3).  *See id.* at 1127; *Calhoun*, 254 F.3d at 845; *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997) (stating that sua sponte screening pursuant to § 1915 should occur "before service of process is made on the opposing parties").

//

1  "[W]hen determining whether a complaint states a claim, a court must accept as true all
2  allegations of material fact and must construe those facts in the light most favorable to the
3  plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Andrews v. King*, 398
4  F.3d 1113, 1121 (9th Cir. 2005); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)
5  (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").  In
6  addition, the Court has a duty to liberally construe a pro se plaintiff's pleadings, *see Karim-Panahi*
7  *v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988), which is "particularly important in civil
8  rights cases," *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).  In giving liberal
9  interpretation to a pro se litigant's complaint, however, the court may not "supply essential
10 elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673
11 F.2d 266, 268 (9th Cir. 1982).

12    Here, Plaintiff's complaint contains three causes of action which allege civil rights
13 violations against him, all arising out of the same underlying events.  According to Plaintiff, on
14 August 11, 2008, his parole status was revoked, resulting in his unconstitutional imprisonment.
15 (Compl. ¶ 5.)  On August 25, 2008, the parole board overturned its earlier decision to revoke
16 Plaintiff's parole based on insufficient evidence.  (*Id.*; *see also* Ex. A.)  Asserting this initial
17 revocation violated Plaintiff's constitutional rights, Plaintiff brought suit pursuant to
18 42 U.S.C. § 1983 in the Central District of California on June 10, 2010.  That case, which is still
19 pending before that court, *David Upton v. Arnold Schwarzenegger*, No. 10-CV-631 (C.D. Cal.
20 filed April 28, 2010), was assigned to Chief District Judge Audrey B. Collins and Magistrate
21 Judge Patrick J. Walsh.  (Compl. at ¶ 3, 5.)  Plaintiff now brings the present action in this Court to
22 challenge Magistrate Judge Walsh's repeated dismissal of Plaintiff's claims.  (*Id.* at ¶ 6.)

23    Plaintiff states Magistrate Judge Walsh's Orders on June 18, 2010, January 19, 2011, and
24 May 10, 2011, in which Plaintiff's complaint and subsequent amended complaints were dismissed
25 without prejudice, "willfully, maliciously, fraudulently and oppressively defied the rule of law"
26 announced in *Heck v. Humphry*, 512 U.S. 477, 486-87 (1999).  (Compl. ¶ 6.)  Plaintiff further
27 states that the "magnitude and gravity of the prejudice to Plaintiff's interests created by
28 [Magistrate Judge Walsh's] crimes against Plaintiff" require the recusal of Magistrate Judge Walsh

1  from Plaintiff's case in accordance with the code of judicial conduct.  (*Id.* at ¶ 9.)  Plaintiff filed a
2  complaint of judicial misconduct in the Ninth Circuit Court of Appeals against Magistrate Judge
3  Walsh pursuant to 28 U.S.C. § 351(a) on August 4, 2010.  (*Id.* at ¶ 9; *see also* Ex. E.)
4       Based on these underlying events, Plaintiff's first cause of action in the case currently
5  before this Court alleges that Magistrate Judge Walsh violated his right to "petition the
6  government for redress of grievances" under the First Amendment and § 1983.  (Compl. ¶ 23.)
7  The second cause of action states that "Ninth Circuit Chief Judge Alex Kozinski, Chief District
8  Judge Audrey B. Collins, Chief Magistrate Judge Stephen J. Hillman" and Magistrate Judge Walsh
9  together engaged in a criminal conspiracy to violate these same rights.  (*Id.* at ¶ 26.)  Finally,
10 Plaintiff's third cause of action states that Judges Kozinski, Collins, and Hillman directly violated
11 Plaintiff's rights by refusing to require Magistrate Judge Walsh to recuse himself from Plaintiff's §
12 1983 case.  (*Id.* at ¶ 29.)  According to Plaintiff, all of theses judges acted with the "aim to evade
13 judicial resolution of the controversy(ies) presented in that case, to heighten propensity for
14 dismissal by reason of procedural default and/or jurisdictional untimeliness."  (*Id.*)
15      Plaintiff does not bring this suit against the named judges[1], but instead requests the Court
16 issue a writ of mandamus ordering Defendant Andre Birotte, Jr., U.S. Attorney for the Central
17 District of California, to prosecute these judges for the crimes stated in Plaintiff's complaint.
18 (Compl. ¶ 31.)  For the following reasons, Plaintiffs claim must fail because the Court cannot grant
19 the relief Plaintiff requests.
20      The Mandamus and Venue Act, 28 U.S.C. § 1361, provides district courts with jurisdiction
21 over any action "in the nature of mandamus to compel an officer or employee of the United States
22 or any agency thereof to perform a duty owed to the plaintiff."  However, it is well established that
23 the scope of a district court's power under this act is limited to actions to compel performance of
24 ministerial duties that are mandated by law, not of discretionary functions.  *Pittston Coal Group v.*
25 *Sebben*, 488 U.S. 105, 121 (1988) ("The extraordinary remedy of mandamus under

---

[1]The Court notes that federal judges are immune from claims against them for actions taken in their official capacities, whether the claim seeks damages or equitable relief.  *Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996).  Judges retain this immunity when they are accused of acting maliciously, corruptly, or in error.  *Meek v. County of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999).

28 U.S.C. § 1361 will issue only to compel the performance of 'a clear nondiscretionary duty.'") (citing *Heckler v. Ringer*, 466 U.S. 602, 616 (2011); *see also* 14 Wright, Miller & Cooper, Fed. Prac. & Proc. § 3655 at n.58 (1998) (extensively surveying cases in which federal courts have limited their power of mandamus to ministerial duties)).

A federal court's interference with a government officer's valid exercise of a delegated executive power violates the fundamental concept of separation of powers. And the decision of a U.S. Attorney whether or not to present criminal charges to a grand jury lies squarely within his established prosecutorial discretion. *United States v. LaBonte*, 520 U.S. 751, 762 (1997) ("[T]he discretion a prosecutor exercises when he decides what, if any, charges to bring against a criminal suspect[ ] . . . is an integral feature of the criminal justice system, and is appropriate, so long as it is not based upon improper factors."); *see also United States v. Palmer*, 3 F.3d 300, 305 (9th Cir. 1993) ("[S]eparation of powers concerns prohibit us from reviewing a prosecutor's charging decisions absent a prima facie showing that it rested on an impermissible basis, such as gender, race or denial of a constitutional right."); *Inmates of Attica Correctional Facility v. Rockefeller*, 477 F.2d 375, 380 (2d Cir. 1975) ("[T]he problems inherent in the task of supervising prosecutorial decisions do not lend themselves to resolution by the judiciary. The reviewing courts would be placed in the undesirable and injudicious posture of becoming 'superprosecutors.'") Thus, the Court finds it cannot issue a writ of mandamus to compel prosecution of the named judges, as that is a decision soundly within Defendant Birotte's discretion. *Cf. Ross v. United States Attorney's Office*, 511 F.2d 524 (9th Cir. 1975) (per curiam), *cert. denied*, 423 U.S. 831 (1975) ("The well-settled principle that mandamus does not lie to compel a United States District Attorney to perform a discretionary act is dispositive of this appeal.")

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's motion to proceed IFP pursuant to 28 U.S.C. § 1915(a). However, the Court must **DISMISS** Plaintiff's complaint for failure to state a claim, but will provide Plaintiff an opportunity to amend his complaint to correct

//

the deficiencies of the pleading identified in this Order.[2]  Plaintiff's complaint is therefore **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii).  Plaintiff, if he wishes, may file an amended complaint within 28 days of the date this Order is electronically docketed.

**IT IS SO ORDERED**.

DATED:  January 3, 2012

Honorable Janis L. Sammartino
United States District Judge

---

[2] The Court notes that Magistrate Judge Walsh directed the service of summons and Plaintiff's Third Amended Complaint, filed on July 31, 2011, on the Defendants in Plaintiff's pending case in the Central District of California on December 7, 2011.  *David Upton v. Arnold Schwarzenegger*, No. 10-CV-631 (C.D. Cal. filed April 28, 2010), ECF No. 53, 54.  Thus, perhaps the underlying claim alleged here has been rendered moot.